UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-99-MOC

| | |
|---|---|
| In re ) | |
| ) | |
| ALRICH PUMP, LLC, et al., ) | |
| ) | CHAPTER 11 |
| ) | Case No. 23-00099 |
| Debtors. ) | Appeal from the U.S. |
| ) | Bankruptcy Court for |
| ) | the Western District of |
| ) | North Carolina |
| ) | |
| NON-PARTY CERTAIN MATCHING ) | |
| CLAIMANTS, ) | |
| Appellants, ) | |
| vs. ) | |
| ) | **ORDER** |
| ALDRICH PUMP LLC, ) | |
| ) | |
| Appellee. ) | |

**THIS MATTER** is before the Court on a Motion to Stay Pending Appeal, filed by Non-Party Certain Matching Claimants (the "Appellants"), by and through undersigned counsel. (Doc. No. 2).

I. BACKGROUND

The Appellants have filed the pending Motion for Stay Pending Appeal requesting entry of an order staying the effect of the Order Denying Non-Party Certain Matching Claimants' Motion to Proceed Anonymously (the "Order Denying Anonymity Motion") entered by the United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court") in Case No. 22-mp-00303 (the "Subpoena Proceeding") on February 6, 2023, pending their appeal of the Order Denying Anonymity Motion. The underlying facts leading to the pending motion are as follows:

1

The Appellants are approximately 12,000 mesothelioma victims, whose personal information is sought as nonparties through a subpoena served by Aldrich Pump LLC and Murray Boiler ("Aldrich" or "Appellee") on ten asbestos bankruptcy trusts (the "Trusts") and their Delaware-based administrator (the "Delaware Claims Processing Facility" or "DCPF").

The subpoena targets personal identifying information belonging to thousands of asbestos victims who have settled their claims against the Debtor, or its predecessor. (Subpoena Proceeding, Doc. No. 3). On July 25, 2022, the Trusts commenced a miscellaneous proceeding in the United States District Court for the District of Delaware (the "Delaware District Court") to quash or modify such subpoena pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure (the "Civil Rules"). (Subpoena Proceeding, Doc. No. 3). On July 26, 2022, DCPF filed a motion to quash the subpoenas. (Subpoena Proceeding, Doc. No. 4-2). The Appellants joined the motions to quash on August 23, 2022. (Subpoena Proceeding, Doc. No. 5-3). The same day, the Appellants also filed a Motion to Proceed Anonymously (the "Anonymity Motion") in that proceeding. (Subpoena Proceeding, Doc. No. 5-4). On August 31, 2022, the Debtor filed a Motion to Transfer this Action to the United States Bankruptcy Court for the Western District of North Carolina (the "Motion to Transfer"). (Subpoena Proceeding, Doc. No. 5-7).

On or about September 26, 2022, the Delaware District Court granted the Motion to Transfer, and this action was transferred to the Bankruptcy Court, the same court which commenced the Subpoena Proceeding. (Subpoena Proceeding, Doc. No. 1). On November 30, 2022, the Bankruptcy Court held a hearing on the Anonymity Motion. The Bankruptcy Court denied the motion.

On February 6, 2023, the Bankruptcy Court entered the Order Denying Anonymity, directing the Appellants to identify themselves by full name, but the Court stayed that requirement for 31 days to allow the Appellants to seek a stay pending appeal from this Court. (Subpoena Proceeding, Doc. No. 42). On February 20, 2023, the Appellants appealed the Order Denying Anonymity Motion. (Subpoena Proceeding, Doc. No. 49). The Appellants, through this Motion, seek a stay of the Order Denying Anonymity Motion pending their appeal. Appellee has filed a response opposing the motion to stay, and Appellants have filed a Reply. (Doc. Nos. 3, 5).

II. DISCUSSION

Pursuant to Bankruptcy Rule 8007, a motion for stay pending appeal may be filed "in the court where the appeal is pending[,]" though the movant must first show that filing such motion in the bankruptcy court would be impracticable. FED. R. BANK. P. 8007(b). When considering a motion to stay pursuant to Bankruptcy Rule 8007, courts in the Fourth Circuit consider the requisite factors for a preliminary injunction. Specifically, the movant must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), cert. granted, judgment vacated, 559 U.S. 1089 (2010), and adhered to in part sub nom. The Real Truth About Obama, Inc. v. F.E.C., 607 F.3d 355 (4th Cir. 2010) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7 (2008); In re Kaiser Gypsum Co., No. 3:20CV537-GCM, 2021 WL 3476138, at *1 (W.D.N.C. Aug. 6, 2021) (citing cases in which the preliminary injunction standard is applied to a motion to stay pending appeal).

The decision to grant a stay pending appeal is within the sound discretion of the court. In re Franklin, No. 19-80661, 2020 WL 603900, at *3 (Bankr. M.D.N.C. Feb. 6, 2020). Here, the

Court finds that all four factors weigh in favor of a stay in favor of the Appellants. As to the first factor—the likelihood of success on appeal—this factor weighs in favor of a stay. In Manville Trust Matching Claimants v. Aldrich Pump LLC, the United States District Court for the District of Columbia granted a virtually identical motion to proceed anonymously, ruling that "weighed against the minimal apparent interest in disclosure, movants' significant and 'legitimate interest in anonymity' and in maintaining the privacy of their personal information are more than sufficient to overcome "countervailing interests in full disclosure." Manville Trust Matching Claimants v. Aldrich Pump LLC, 1:22-mc-00080-TJK (D.D.C. Aug. 25, 2022) (Doc. No. 2 at 3-6). Because a similar motion to proceed anonymously has already been granted in a parallel proceeding, the Appellants have demonstrated a strong likelihood of success on the Motion for Anonymity.

Furthermore, the issues that will be presented in this appeal are of first impression. As the Appellants note, while Fourth Circuit authority is clear that "compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym," Doe v. Public Citizen, 749 F.3d 246, 273 (4th Cir. 2014), the Fourth Circuit has not addressed this issue in the context of a debtor in a Chapter 11 proceeding seeking confidential information from potential claimants to create a section 524(g) trust. As an issue of first impression for the Fourth Circuit, "[t]his factor weighs in favor of granting a stay because clear precedent from the Court of Appeals does not dictate the outcome of the substantive issue decided by this court and presented by the appeal." United States v. Fourteen Various Firearms, 897 F. Supp. 271, 273 (E.D. Va. 1995) (citing Goldstein v. Miller, 488 F. Supp. 156, 176 (D. Md. 1980)).

4

The Appellants have also demonstrated that the second factor—irreparable harm to the movant in the absence of a stay—weighs in favor of a stay. Here, the Appellants have shown that they will suffer irreparable harm if the court denies the motion, as their appeal will be mooted and their identities as mesothelioma victims, many of whom have engaged in confidential settlement agreements with the Debtor or its predecessors, will be placed on the public record. This could violate the Appellants' right to privacy, as guaranteed by the Fourteenth Amendment, and constitutes irreparable harm. See Hirschfeld v. Stone, 193 F.R.D. 175, 187 (S.D.N.Y. 2000) ("The harm at issue here -- disclosure of confidential information -- is the quintessential type of irreparable harm that cannot be compensated or undone by money damages."); see also Sec. Indus. & Fin. Mkts. Ass'n v. Garfield, 469 F. Supp. 2d 25, 41 (D. Conn. 2007) (holding that "[i]rreparable harm is defined as certain and imminent harm for which a monetary award does not adequately compensate. Thus, only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief."). Granting the stay maintains the status quo and preserves the Appellants' right to review on the merits without first requiring the Appellants to disclose the highly personal information they are seeking to keep confidential. See In re Charles & Lillian Brown's Hotel, Inc., 93 B.R. 49, 53 (Bankr. S.D.N.Y. 1988) (emphasizing the "critical role a stay pending appeal plays, not only in maintaining the status quo, but in preserving the right to review on the merits.").

The third factor for a preliminary injunction—the balance of equities—also supports a stay. Granting the stay will not harm or prejudice the Debtors or any non-moving party. The Debtors have already obtained all the information concerning the Appellants that it sought by subpoena when the Bankruptcy Court denied the Appellants' Motion to Quash. In other words, there is no need for the Appellants to be publicly identified in this proceeding. See (Subpoena

5

Proceeding, Doc. Entry dated November 30, 2022; Courtroom Recordings (Subpoena Proceeding, Doc. Nos. 32–34)).[1] On the other hand, if the Motion to Stay is denied, the Appellants' appeal will be mooted, as they will be forced to place their names on the public record. See Becker v. United States, 451 U.S. 1306, 1311 (1981) (describing that the balance of equities tips heavily in favor of applicants where, if a stay is not granted, appeal may be mooted).

The fourth factor—the public interest—also weighs in favor of a stay. A stay will not hinder the administration of the underlying bankruptcy case. In any event, the expedient administration of a bankruptcy case does not outweigh the public interest in judicial accuracy. See CW Capital Asset Mgmt., LLC v. Burcam Capital II, LLC, Case Nos. 5:13-CB278-F, 5:13-CV-279-F, 2013 WL 3288092, at *9 (E.D.N.C. June 28, 2013) (finding that "denying a stay in this case will likely moot appellate review of the bankruptcy court's order. The ability to appeal the bankruptcy court's order is a substantial and important right") (internal citations omitted).

Here, there is significant public interest in granting the motion to stay. The Appellants comprise approximately 12,000 mesothelioma victims. Disclosure in the public record of the Appellants' identities as mesothelioma victims and likely recipients of significant confidential settlements increases the Appellants' risk of identity theft and violates their right to privacy. Accordingly, the interests of thousands of potential claimants, and/or their estates, will be affected by the outcome of this appeal. This factor weighs in favor of granting the motion to stay.

### III. CONCLUSION

---

[1] The Court has not yet entered an Order Denying/Modifying the Motion to Quash or Modify.

For the reasons stated herein, the Court finds that a stay is appropriate. The Court will therefore enter a stay of the Order Denying Anonymity Motion pursuant to Bankruptcy Rule 8007.

## **ORDER**

**IT IS THEREFORE ORDERED THAT** the Motion to Stay Pending Appeal, filed by Non-Party Certain Matching Claimants (the "Appellants"), (Doc. No. 2) is **GRANTED**, and the Order Denying Anonymity Motion is **STAYED** pending Appellants' appeal.

Signed: April 26, 2023

Max O. Cogburn Jr
United States District Judge